IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY HAMMER,                        )
                                     )
              Plaintiff,             )
                                     )
         vs.                         )   Civil Action No. 01-564
                                     )
CARDIO MEDICAL PRODUCTS, INC.,       )
                                     )
              Defendant.             )

MEMORANDUM

I

        In this civil action, plaintiff, Nancy Hammer, seeks damages

from defendant, Cardio Medical Products, Inc., for alleged sex

and age discrimination in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 621 *et seq*., respectively, arising out of the termination of

her employment with defendant on March 22, 1999.  Plaintiff has

filed a motion for recusal of this member of the Court, alleging

personal bias against her.  For the reasons set forth below, the

motion will be denied.

II

        The protracted history of this case may be summarized as

follows:

        On October 24, 2000, plaintiff filed a charge of sex and age

discrimination against defendant with the Equal Employment

Opportunity Commission ("EEOC"). The EEOC dismissed plaintiff's discrimination charge on December 19, 2000, issuing a Dismissal and Notice of Rights to plaintiff which stated in relevant part: "Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegation." (Docket No. 49, Exh. B).

On March 26, 2001, plaintiff, acting *pro se*, filed this civil action against defendant, and the case was assigned to former Magistrate Judge Kenneth J. Benson ("MJ Benson") for pretrial proceedings. (Docket Nos. 1 and 2). Defendant moved to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, asserting that (a) plaintiff had failed to exhaust her administrative remedies and (b) plaintiff was not entitled to equitable tolling of the applicable 300-day limitations period. (Docket No. 11).

On April 12, 2002, MJ Benson issued a Report and Recommendation in which he recommended that defendant's Rule 12(b)(6) motion be granted. (Docket No. 33). Plaintiff filed objections to the Report and Recommendation on May 14, 2002 (Docket No. 38), and, on May 17, 2002, defendant filed a motion to strike plaintiff's objections as untimely. (Docket No. 39).

On May 21, 2002, MJ Benson issued the following Memorandum and Order, granting defendant's motion to strike plaintiff's objections:

### MEMORANDUM AND ORDER

The plaintiff in this case, who is representing herself, is entitled by virtue of her pro se status, to a certain latitude in the court's construction of her filings. Nevertheless, even self-represented parties are required to comply with procedural rules and filing deadlines; this may be particularly true where the pro se litigant is not a prisoner, and faces fewer status-created impediments to timely filing. Plaintiff Hammer has been quick to invoke the Rules when it appeared to be advantageous to her to do so, as when she baselessly moved for the entry of default. But has been otherwise loath to comply with the Rules herself: she has twice been chastised about her failure to serve the defendant with copies of her filings and has twice had her filings stricken for her continued failure to serve them on the defendant.

Here again, plaintiff has filed objections (Docket #38) to the Report and Recommendation in violation of the Rules. The Report (Docket #33) was filed on April 12, 2002. Objections were therefore due on April 26, 2002. On April 23 plaintiff filed a Request for Extension of Time to file objections (Docket #34) which was stricken on April 25, 2002, and returned to her (Docket #35) for her failure to serve it on the defendant. Thus, as of April 25, 2002, there was no motion for more time to object pending in the court and objections were still due on April 26, 2002.

No appeal of the order striking plaintiff's request was taken.

On May 15, 2002, plaintiff filed objections (Docket #38); as can be seen from the above, these are eighteen days late. The defendant has moved that they be stricken as untimely (Docket #39). The defendant, of course, is correct: the objections are untimely and that they are untimely is attributable to no one but plaintiff and is consistent with her past practice in this litigation.

AND NOW, this 21st day of May, 2002,

3

IT IS ORDERED that the defendant's Motion to Strike Objection (Docket #39) ought to be and hereby is, GRANTED.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

> s/Kenneth J. Benson
> KENNETH J. BENSON
> UNITED STATES MAGISTRATE JUDGE

(Docket No. 40).

No appeal from MJ Benson's May 21st order was filed within 10 days, and, by order dated May 31, 2002, the Court adopted the Report and Recommendation of MJ Benson and dismissed plaintiff's complaint and the case was closed. (Docket No. 42). On June 3, 2002, an appeal to this member of the Court was filed by plaintiff. In the appeal, plaintiff challenged MJ Benson's May 21, 2002 order granting defendant's motion to strike her objections to the Report and Recommendation as untimely, as well as MJ Benson's recommendation that defendant's motion to dismiss her complaint be granted.[1] (Docket No. 43).

Based on the arguments in opposition to MJ Benson's Report and Recommendation which were set forth in plaintiff's appeal, as well as plaintiff's failure to file a timely appeal from MJ

---

1. In the appeal, plaintiff also requested the assignment of her case to another magistrate judge for pretrial proceedings, alleging that MJ Benson "exhibited extreme bias towards the plaintiff, instead of acknowledging the real facts of the plaintiff's complaint." (Docket No. 43, p. 10).

4

Benson's May 21, 2002 order,[2] the Court construed plaintiff's
appeal as an appeal from the Court's May 31, 2002 order adopting
MJ Benson's Report and Recommendation and dismissing plaintiff's
complaint, and the Court denied the appeal on June 6, 2002.[3]
(Docket No. 44). Plaintiff filed a timely appeal from the
Court's May 31st and June 6th orders with the United States Court
of Appeals for the Third Circuit on June 20, 2002. (Docket No.
45).

On May 18, 2005, the Third Circuit filed an opinion which
(a) vacated the Court's May 31, 2002 order adopting the Report of
Recommendation of MJ Benson and dismissing plaintiff's complaint,
and (b) remanded the case for further proceedings.[4]
Specifically, the Third Circuit held that plaintiff should be
given the opportunity to demonstrate the existence of facts
supporting her claim that the 300-day limitations period for

_____

2. As noted previously, MJ Benson's May 21, 2002 order provided
that any appeal from the order should be filed within 10 days
from the date of the order (Docket No. 40), which would have been
May 31, 2002. Plaintiff's appeal from the May 21st order was not
filed with the Clerk until June 3, 2002. (Docket No. 43).

3. After reviewing its June 6, 2002 order, the Court concedes
that the order is confusing and appears to misconstrue the nature
of plaintiff's appeal.

4. In light of the necessity to remand the case for further
proceedings, the Third Circuit declined to address the issue of
whether the Court abused its discretion in denying plaintiff's
June 3, 2002 appeal from MJ Benson's May 21, 2002 order.

filing a discrimination charge against defendant with the EEOC should be equitably tolled.[5]   (Docket No. 46).

On June 16, 2005, the case was reopened and referred to Magistrate Judge Robert C. Mitchell ("MJ Mitchell") for pretrial proceedings.[6]   (Docket No. 47).   On September 12, 2005, defendant filed a motion to compel plaintiff's deposition, which had been noticed for September 14, 2005 at 1:30 p.m. at the law offices of defense counsel.   The motion indicated that on September 12th,

─────────────────────

5. Plaintiff asserted two grounds for equitable tolling in her complaint.   First, plaintiff asserted that she was entitled to equitable tolling because, after the termination of her employment by defendant, four of her loved ones passed away unexpectedly.   Second, plaintiff asserted that she was entitled to equitable tolling because defendant "failed to post notices in its offices concerning employees' rights under Title VII and the ADEA."   With respect to the first ground asserted for equitable tolling, the Third Circuit agreed with the Court that, while tragic, the events alleged by plaintiff did not justify tolling the 300-day limitations period, particularly where plaintiff did not file her discrimination charge with the EEOC until 281 days after the limitations period had expired.   As to the second ground asserted for equitable tolling, the Third Circuit noted that "... equitable tolling may apply if the plaintiff can demonstrate 'excusable ignorance' of her statutory rights, where, for instance, her employer has failed to post the required notices."   (Docket No. 46, p. 5).   Thus, the case was remanded by the Third Circuit for further proceedings.

6. On July 28, 2005, MJ Mitchell held a status conference during which he directed that (a) discovery limited to the issue of equitable tolling be completed by September 30, 2005; (b) defendant's motion for summary judgment and supporting brief be filed by November 10, 2005; and (c) plaintiff's response to defendant's motion for summary judgment be filed by December 10, 2005.   (Docket No. 50).   On August 1, 2005, MJ Mitchell denied plaintiff's motion to strike defendant's answer to her complaint (which had been filed on July 12, 2005) as untimely.   (Docket Nos. 49, 51 and 52).

6

Case 2:01-cv-00564-WLS-RCM   Document 110   Filed 01/12/06   Page 7 of 20

plaintiff informed defense counsel that she would not be appearing for deposition on September 14th because she did not believe that she was required to appear for a deposition, and that, even if she was required to appear for a deposition, she was unavailable during the month of September due to her "heavy work schedule." (Docket No. 53). By order dated September 20, 2005, MJ Mitchell granted defendant's motion to compel and directed plaintiff to appear for deposition on September 22, 2005 at 10:00 a.m. at the law offices of defense counsel.[7] (Docket No. 54).

On September 22, 2005, defendant filed a motion to compel and for sanctions. The motion indicated that plaintiff left a voice-mail message for defense counsel on September 21, 2005,

---

7. In his September 20th order, MJ Mitchell indicated that plaintiff had failed to oppose defendant's motion to compel. According to plaintiff, she had, in fact, attempted to file electronically with the Court a reply in opposition to defendant's motion to compel on September 12th and 13th, but was unable to do so due to technical difficulties. On September 22, 2005, plaintiff filed a motion for leave to file, *inter alia*, a reply to the motion to compel out of time. In the motion, plaintiff represents that, when she encountered technical difficulties while attempting to file her reply to defendant's motion to compel electronically on September 12th and 13th, Court personnel suggested mailing the reply to the Court, which she did, and that she was not aware the Court had not received her reply until she received electronic notification of MJ Mitchell's order granting the motion to compel on September 20th. (Docket No. 55, pp. 1-3). In her reply, plaintiff denies the representations of defense counsel in the motion to compel and requests the Court to permit her deposition to be taken by telephone at a date and time convenient for both parties. (Docket No. 55, pp. 8-9).

stating that she would not comply with MJ Mitchell's September

20, 2005 order, and, further, that plaintiff did not appear for

deposition at the law offices of defense counsel at 10:00 a.m. on

September 22, 2005 as ordered.  Defense counsel requested an

order directing plaintiff to appear for deposition on September

28, 2005 at 10:00 a.m. in Room 301 of the United States

Courthouse.  He also requested sanctions in the form of

attorneys' fees and costs associated with preparation of the

initial motion to compel, appearance at the scheduled deposition

on September 22, 2005,[8] and preparation of the motion to compel

and for sanctions.  (Docket No. 56).

On September 22, 2005, the day she failed to appear for

deposition as directed by MJ Mitchell's September 20, 2005 and

after defense counsel filed the motion to compel and for

sanctions, plaintiff filed electronically a motion for an order

permitting her deposition to be taken by telephone which is dated

September 12, 2005,[9] as well as her reply in opposition to

---

8. Despite being informed by plaintiff that she would not appear
for deposition on September 22, 2005 at 10:00 a.m. as ordered,
defense counsel did not cancel the deposition.  Rather, he asked
the court reporter to take a statement regarding plaintiff's
failure to appear and indicated that he would be filing a further
motion to compel and for sanctions.  (Docket No. 56-3).

9. In this motion, plaintiff asserts that her job requires her to
travel to two States; that she generally departs on Sunday and
does not return until Friday evening; and that, as a result, it
would be an extreme hardship for her to return to Pittsburgh
during the regular workweek for a deposition.  (Docket No. 58).

defendant's initial motion to compel her deposition and a reply in opposition to the discovery dispute certificate attached to the initial motion to compel. (Docket Nos. 57, 58, 59 and 60). On September 26, 2005, MJ Mitchell filed an order granting defendant's motion to compel and for sanctions. Plaintiff was directed to appear for deposition at 10:00 a.m. on September 28, 2005 in Room 301 of the United States Courthouse, and defendant was directed to submit a bill of fees and costs within 10 days.[10] (Docket No. 61). On September 26, 2005, MJ Mitchell also denied plaintiff's motion for an order permitting her deposition to be taken by telephone. (Docket No. 62).

On September 26, 2005, after MJ Mitchell granted defendant's motion to compel and for sanctions and denied plaintiff's motion for an order permitting her deposition to be taken by telephone, plaintiff filed a reply in opposition to defendant's motion to compel and for sanctions, a reply in opposition to the discovery dispute certificate attached to that motion and a second motion for an order permitting her deposition to be taken by telephone which is dated September 24, 2005. (Docket Nos. 63, 64 and 65).

_____

10. On September 29, 2005, defendant submitted a bill of fees and costs seeking reimbursement in the total amount of $887.00, and, on October 4, 2005, defendant filed a motion to fix the amount of the award of attorneys' fees and costs. (Docket Nos. 66 and 68). On October 11, 2005, plaintiff filed a reply in opposition to the bill of fees and costs and motion to fix the amount of the award of attorneys' fees and costs. (Docket No. 83).

On October 3, 2005, defendant filed a second motion to compel and for sanctions asserting, in summary, that by means of an *ex parte* communication on September 27, 2005, plaintiff informed MJ Mitchell that she would not appear for deposition on September 28, 2005 as ordered; that at the request of MJ Mitchell, defense counsel left a message at a telephone number provided by plaintiff indicating that defendant was attempting to reschedule her deposition; that, when he received no response to the telephone message, defense counsel sent an email to plaintiff requesting cooperation in rescheduling her deposition; that plaintiff failed to respond to either the telephone message or the email; and that plaintiff's deposition was essential to the defense of this action. (Docket No. 67).

On October 5, 2005, plaintiff filed a reply in opposition to defendant's second motion to compel and for sanctions and a reply in opposition to the discovery dispute certificate attached to that motion (Docket Nos. 69 and 70), and defendant filed a response to plaintiff's replies.[11] (Docket No. 71). On the same

---

11. In its response, defendant states:

\*   \*   \*

4. By email sent to [plaintiff] on September 27, 2005, counsel for Cardio-Medical suggested four possibilities for [plaintiff's] deposition and advised:

If none of the 4 are possible, please leave me a message or send me an email indicating the first 4
(continued...)

day, MJ Mitchell denied plaintiff's second motion for an order

permitting her deposition to be taken by telephone and granted

defendant's second motion to compel and for sanctions. In the

order granting defendant's second motion to compel and for

sanctions, MJ Mitchell directed plaintiff to appear for

deposition at 10:00 a.m. on October 18, 2005 in Room 301 of the

United States Courthouse. The order also provided: "Failure to

appear will result in sanctions, including possible dismissal

being imposed."[12] (Docket Nos. 78 and 79).

By order dated October 11, 2005, MJ Mitchell scheduled a

telephone status conference for October 17, 2005 based on the

_____

(...continued)
> dates and times on which you can appear at 10:00 a.m.
> and/or 1:00 p.m. to commence your deposition.

\*   \*   \*

> 6. At approximately 4:20 p.m. on October 4, 2005,
> [plaintiff] called counsel for [defendant]. At no time
> during that call did [plaintiff] propose any date or start
> time for her deposition. When [plaintiff] indicated that
> she would not appear for deposition other than on an evening
> of her choosing, counsel for [defendant] advised that there
> appeared to be nothing to discuss and terminated the call.

\*   \*   \*

(Docket No. 71-1, p. 2).

12. On October 13, 2005, more than a week after MJ Mitchell
granted defendant's second motion to compel and for sanctions,
plaintiff filed a reply to defendant's response to her original
replies to the motion. (Docket No. 85). Apparently, due to
technical difficulties, the exhibits to plaintiff's reply were
not filed on October 13, 2005. However, the exhibits were filed
on November 3, 2005. (Docket No. 95).

multiple motions filed by defendant to compel plaintiff's

deposition.   The order indicated that failure to participate in

the conference may result in the imposition of sanctions.

(Docket No. 84).   Both parties participated in the status

conference and the memo prepared by MJ Mitchell following the

status conference states:

*   *   *

1. Motions to recuse are denied.

2. Depositions of the plaintiff and defendant's
representative are to be scheduled for October 27, 2005 at
10:00 a.m. in the U.S. Courthouse.   (The plaintiff says she
will not appear on that date, so she is directed to select
an alternate date during the next three weeks for the
depositions to be taken at 10:00 a.m. in the U.S.
Courthouse.   Until an alternate date is selected, the
current date of October 27, 2005 for the depositions will
stand.).

(Docket No. 86).

Plaintiff failed to select an alternate date for her

deposition and failed to appear for deposition on October 27,

2005.   As a result, MJ Mitchell entered the following order on

October 27, 2005:

ORDER

AND NOW, this 27th day of October, 2005, after the
plaintiff again failed to appear for her scheduled
deposition,

IT IS ORDERED that on or before October 28, 2005, the
defendant is to file a Motion to Dismiss for failure to
prosecute supported by affidavit(s) outlining the chronology
of events leading to the filing of that motion;

12

AND IT IS FURTHER ORDERED that on or before November 10, 2005, the plaintiff is to file an appropriate response to that motion.

S/ROBERT C. MITCHELL
United States Magistrate Judge

(Docket No. 90).

In accordance with the above-quoted order, defendant filed a motion for the dismissal of this action based on failure to prosecute, together with an affidavit in support, on October 28, 2005.   (Docket No. 92).

On October 27, 2005, after the entry of MJ Mitchell's order directing defendant to file a motion to dismiss, plaintiff filed a motion for his recusal under 28 U.S.C. § 144, together with a purported affidavit in support, alleging that MJ Mitchell "is biased and prejudiced against her personally."[13]   On November 9, 2005, MJ Mitchell denied the motion for recusal.   (Docket No. 97).

On October 31, 2005, prior to the denial of plaintiff's motion for recusal of MJ Mitchell, plaintiff filed a motion for recusal of this member of the Court, together with a purported affidavit in support.   (Docket No. 94).   Defendant has filed a response to the motion for recusal (Docket No. 99), and plaintiff has filed a reply to defendant's response.   (Docket No. 102).

13. On October 30, 2005, plaintiff filed an addendum to her purported affidavit in support of the motion for recusal of MJ Mitchell.   (Docket No. 93-1).

13

On November 14, 2005, MJ Mitchell filed a Report and
Recommendation recommending that defendant's motion to dismiss
plaintiff's complaint for failure to prosecute be granted.
(Docket No. 98).  Plaintiff filed a reply in opposition to the
Report and Recommendation on November 29, 2005 (Docket No. 101),
and defendant filed a response to the reply on December 8, 2005.
(Docket No. 103).  Thereafter, on December 9, 2005, plaintiff
filed a motion to strike defendant's response to her reply
(Docket No. 104), and, on December 12, 2005, defendant filed a
response to the motion to strike.  (Docket No. 105).  On December
12, 2005, MJ Mitchell denied plaintiff's motion to strike
defendant's response to her reply in opposition to the Report and
Recommendation.  (Docket No. 107).

On December 15, 2005, plaintiff a motion to strike MJ
Mitchell's December 12, 2005 order and demanded his immediate
disqualification.[14]  (Docket No. 108).  On December 16, 2005, MJ
Mitchell denied plaintiff's motion to strike order and demand for
immediate disqualification.[15]  (Docket No. 109).

_____

14. On December 15, 2005, when plaintiff filed the motion to
strike order and demand for immediate disqualification of MJ
Mitchell, she sent an email to this member of the Court
requesting that MJ Mitchell "not even be given the opportunity to
[rule on] the newly filed motion."  In the event the Court did
not disqualify MJ Mitchell immediately, plaintiff indicated in
the email that she would seek relief from the Third Circuit.

15. Based on the Court's failure to disqualify MJ Mitchell
immediately and prevent him from ruling on the motion to strike
(continued...)

14

III

Plaintiff seeks recusal of this member of the Court under 28
U.S.C. § 144 based on the adverse rulings issued by the Court on
May 31, 2002 (adopting MJ Benson's Report and Recommendation and
dismissing her complaint) and June 6, 2002 (denying plaintiff's
notice of appeal).[16]  Plaintiff contends that she "is entitled to
have her case assigned to a district judge that has not
previously rendered a decision in the matter at hand."  (Docket
No. 94-2, p. 2).

Section 144 of Title 28 of the United States Code provides:

§ **144. Bias or prejudice of judge**

Whenever a party to any proceeding in a district court
makes and files a timely and sufficient affidavit that the
judge before whom the matter is pending has a personal bias
or prejudice either against him or in favor of an adverse

---

(...continued)
and demand for immediate disqualification, plaintiff sent another
email to the Court on December 20, 2005, indicating that she
intended to seek relief from the Third Circuit.

16. Plaintiff's motion also seeks recusal of this member of the
Court under 28 U.S.C. § 47, which provides:

§ **47. Disqualification of trial judge to hear appeal**

No judge shall hear or determine an appeal from the
decision of a case or issue tried by him.

Clearly, this statute does not apply to the present situation.
*See, e.g.*, United States v. Garramone, 374 F.Supp. 256, 258
(E.D.Pa.1974)("The 'case or issue' language of the statute refers
to a final Order of the lower court which may be appealed to a
higher court.").  Thus, the Court's discussion in this memorandum
will be limited to 28 U.S.C. § 144.

15

party, such judge shall proceed no further therein, but
another judge shall be assigned to hear such proceeding.

   The affidavit shall state the facts and the reasons for
the belief that bias or prejudice exists, and shall be filed
not less than ten days before the beginning of the term at
which the proceeding is to be heard, or good cause shall be
shown for failure to file it within such time.  A party may
file only one such affidavit in any case.  It shall be
accompanied by a certificate of counsel of record stating
that it is made in good faith.

With respect to the standard to be applied in considering

motions for recusal under Section 144, in United States v.

Dansker, 537 F.2d 40 (3d Cir.1976), the Third Circuit stated:

                       *    *    *

   The basic rules of law governing the recusal of a trial
judge for personal bias are well-settled.  The mere filing
of an affidavit of bias pursuant to 28 U.S.C. § 144 does not
require a trial judge to disqualify himself from a
particular case.  Behr v. Mine Safety Appliances Co., 233
F.2d 371 (3d Cir.1956).  Indeed, if the affidavit submitted
is legally insufficient to compel his disqualification, the
judge has a duty to preside.  See Simmons v. United States,
302 F.2d 71 (3d Cir.1962).  Rather, a trial judge need only recuse
himself if he determines that the facts alleged in
the affidavit, taken as true, are such that they would
convince a reasonable man that he harbored a personal, as
opposed to a judicial, bias against the movant.  United
States v. Thompson, 483 F.2d 527 (3d Cir.1973).

                       *    *    *

537 F.2d at 53.

See also Johnson v. Trueblood, 629 F.2d 287 (3d Cir.1980)(Under

Section 144, only extrajudicial bias requires disqualification of

district judge, and "extrajudicial" refers to bias that is not

derived from evidence or conduct of parties that judge observes

in course of proceeding.); United States v. Nehas, 368 F.Supp.

16

435 (W.D.Pa.1973)("Personal" bias involves antagonism or
animosity toward the affiant or favoritism towards the adverse
party.   Personal bias is to be distinguished from "judicial"
bias, and does not include views based upon matter arising during
the course of the litigation or upon general attitudes common to
the public generally.).

After consideration, the Court concludes that plaintiff's
motion for recusal will be denied.   First, as noted by defendant
(Docket No. 99, p. 2), plaintiff's motion for recusal is not
supported by a proper affidavit.   Specifically, the affidavit is
not made under oath or subject to the penalties of perjury.[17]
Instead, plaintiff merely indicates that the affidavit is
"Respectfully submitted."   (Docket No. 94-2).   Second,
plaintiff's motion for recusal is not timely.   Plaintiff concedes
that following the disposition of her appeal from the Court's May
31, 2002 and June 6, 2002 orders, she became aware that this
member of the Court would continue to preside over her case on
July 28, 2005.   (Docket No. 102, p. 5).   Nevertheless, plaintiff
waited until October 31, 2005, over three months, to seek
recusal.   Finally, and most importantly, the factual allegations
in plaintiff's purported affidavit are insufficient to establish

_____

17. An affidavit is "[a] written or printed declaration or
statement of facts, made voluntarily, and confirmed by the oath
or affirmation of the party making it, taken before a person
having authority to administer such oath or affirmation.   Black's
Law Dictionary (5th ed. 1983).

17

personal or "extrajudicial" bias against plaintiff on the part of
this member of the Court.  Plaintiff's allegations of bias
clearly relate to adverse rulings made by the Court, and,
therefore, they are insufficient to require recusal.[18]  *See*,
*e.g.*, Cooney v. Booth, 262 F.Supp.2d 494 (E.D.Pa.2003)(District
judge's alleged incorrect judicial rulings did not warrant
recusal on basis of bias or prejudice, absent showing that judge
made any inappropriate comments from bench, engaged in rude
conduct, or displayed deep-seated favoritism or antagonism that
would have made fair judgment impossible; plaintiff's
disagreement with judge's rulings did not reflect necessary
impartiality); United States v. El-Gabrowny, 844 F.Supp. 955
(S.D.N.Y.1994)(Because it is in nature of judge's job to rule,
and any ruling must favor one side and disfavor other, rulings
during course of case generally are not regarded as evidence of
personal bias or prejudice for purposes of motion for recusal,
even if it is alleged that disproportionate number of

_____

18. It should be noted that plaintiff has never appeared before
this member of the Court because the case was referred for
pretrial proceedings to former MJ Benson and then to MJ Mitchell
following remand by the Third Circuit.  In this connection, in
United States v. Nehas, 368 F.Supp. 435 (W.D.Pa.1973), the
district court noted that "lack of personal acquaintance with the
affiant may be a significant circumstance negating existence of
personal bias."  *Id*. at 437 n.5.

18

rulings favor one side).

Based on the foregoing, plaintiff's motion for recusal will be denied.

Date: January  $\underline{11}$ , 2006

_William L. Standish_
William L. Standish
United States District Judge

19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NANCY HAMMER,                          )
                                       )
              Plaintiff,               )
                                       )
         vs.                           )   Civil Action No. 01-564
                                       )
CARDIO MEDICAL PRODUCTS, INC.,         )
                                       )
              Defendant.               )

ORDER

AND NOW, this _11th_ day of January, 2006, in accordance with
the foregoing memorandum, it is ORDERED that the motion of
plaintiff, Nancy Hammer, for recusal (Docket No. 94) be, and
hereby is, denied.

William L. Standish
United States District Judge


cc:  Nancy Hammer
     Email: nh_scw@msn.com

     Michael R. Plummer, Esq.
     Plummer & Finnerty
     Frick Building, Suite 510
     437 Grant Street
     Pittsburgh, PA 15219
     Email: mplummer@tcslawfirm.com